**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DEEPAK DEEPAK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02218-TLP-atc |
| v. | ) | |
| | ) | |
| MELISSA B. HARPER,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING LEAVE TO APPEAR PRO HAC VICE
AND PROCEED WITHOUT LOCAL COUNSEL**

The Court considers two motions here.  First, Petitioner moves for leave for his counsel Vano I. Haroutunian to appear pro hac vice.  (ECF No. 3.)  The Court finds that Attorney Vano I. Haroutunian has met Local Rule 83.4(d)'s requirements.  Accordingly, the Court **GRANTS** the Motion and admits Attorney Haroutunian pro hac vice on Petitioner Deepak Deepak's behalf.

Second, Petitioner moves for leave to proceed without local counsel.  (ECF No. 2.)  A party who is not represented by an attorney that meets Local Rule 83.4's Tennessee-based requirements must typically engage local counsel.  *See* L.R. 83.4(i).  But "[t]he Court may modify such requirements to suit the needs of a particular case."  *Id.* at 83.4(i)(3).  Given the issues raised in the Petition and Petitioner's request for expedited relief, the Court finds good

---

[1] The proper respondent to the § 2241 Petition is the United States Immigration and Customs Enforcement District Director for the district in which the alien is being detained.  *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003).  The Court therefore respectfully **DIRECTS** the Clerk to add "Scott Ladwig" as Respondent and to terminate Melissa B. Harper as Respondent.

cause to waive Local Rule 83.4's local-counsel requirement.  The Court therefore **GRANTS**

Petitioner's Motion, and he can proceed without local counsel.

   **SO ORDERED**, this 4th day of March, 2026.

        s/ Thomas L. Parker
        THOMAS L. PARKER
        UNITED STATES DISTRICT JUDGE